O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADALBERTO AGUIRRE AYALA, | Case No. EDCV 12-0570 RNB |
| Plaintiff, | ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| vs. | |
| CAROLYN COLVIN, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

Plaintiff filed a Complaint herein on April 25, 2012, seeking review of the Commissioner's denial of his application for Disability Insurance Benefits for the closed period from October 31, 2005 through August 31, 2011.  In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation ("Jt Stip")

---

[1]    The Acting Commissioner is hereby substituted as the defendant pursuant to Fed. R. Civ. P. 25(d).  No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

1

1    on February 25, 2013.[2]  Thus, this matter now is ready for decision.[3]

2

3                              **DISPUTED ISSUES**

4            As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising

5    as the grounds for reversal and remand are as follows:

6            1.    Whether the Administrative Law Judge ("ALJ") properly

7    determined at step five of the sequential evaluation process that plaintiff

8    could perform other work in the national economy.

9            2.    Whether the ALJ properly relied on the vocational expert's

10   testimony with respect to the number of jobs for the occupations

11   _____

12          [2]    Concurrently with the filing of the Joint Stipulation, plaintiff filed a

13   request that the Court take judicial notice of a 1991 Department of Labor publication,

14   The Revised Handbook for Analyzing Jobs ("RHAJ"), and specifically Chapter 12

     of the RHAJ.  Although the Commissioner failed to file opposition to plaintiff's

15   request despite being afforded the opportunity to do so, the Commissioner's

16   concession that there was a deviation in the vocational expert's testimony with

17   respect to the jobs of hand packager and assembler of plastic products and that

18   plaintiff could not perform either job renders moot plaintiff's request that the Court

     take judicial notice of Chapter 12 of the RHAJ.  However, to the extent that plaintiff's

19   references in the Joint Stipulation to a page from Chapter 2 of the RHAJ (see Jt Stip

20   at 17-18) were intended as an implied request that the Court also take judicial notice

21   of that page, plaintiff's request is denied because (a) plaintiff did a wholly inadequate

     job in his judicial notice request of explaining the legal basis for the request, (b) the

22   judicial notice request was insufficient to put the Commissioner on notice that

23   plaintiff was requesting that the Court take judicial notice of the cited page from

     Chapter 2 of the RHAJ, and (c) plaintiff failed to provide the Court with a copy of the

24   cited page, which rendered the request inadequate under Fed. R. Evid. 201(c)(2).

25          [3]    As the Court advised the parties in its Case Management Order, the

26   decision in this case is being made on the basis of the pleadings, the administrative

27   record ("AR"), and the Joint Stipulation filed by the parties.  In accordance with Rule

     12(c) of the Federal Rules of Civil Procedure, the Court has determined which party

28   is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1   identified as available to plaintiff.

2

3                           **DISCUSSION**

4       Disputed Issue No. 1 is directed to the ALJ's determination at step five of the

5   Commissioner's sequential evaluation process that plaintiff could perform other work

6   in the national economy.  (See Jt Stip at 5-18.)

7       Where, as here, the testimony of a vocational expert ("VE") is used at step five

8   of the sequential evaluation process, the VE must identify a specific job or jobs in the

9   national economy having requirements that the claimant's physical and mental

10  abilities and vocational qualifications would satisfy.  See Osenbrock v. Apfel, 240

11  F.3d 1157, 1162-63 (9th Cir. 2001); Burkhart v. Bowen, 856 F.2d 1335, 1340 n.3 (9th

12  Cir. 1988); 20 C.F.R. §§ 404.1566(b), 416.966(b).  However, the Dictionary of

13  Occupational Titles ("DOT") is the Commissioner's "primary source of reliable job

14  information" and creates a rebuttal presumption as to a job classification.  See

15  Johnson v. Shalala, 60 F.3d. 1428, 1434 n.6, 1435 (9th Cir. 1995); see also

16  Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008).  Accordingly, an ALJ

17  may rely on VE testimony that contradicts the DOT only insofar as the record

18  contains persuasive evidence to support the deviation.  See Johnson, 60 F.3d at 1435;

19  see also Tommasetti, 533 F.3d at 1042; Light v. Social Sec. Admin., 119 F.3d 789,

20  793 (9th Cir. 1997).

21      Here, the ALJ determined that plaintiff's physical and mental abilities

22  supported an RFC for medium work with the following limitations: occasional

23  stooping, bending, kneeling, crawling, crouching and squatting; work in an

24  environment with clean air and air-conditioning; work involving simple, repetitive

25  tasks with no interaction with the public and non-intense interactions with co-workers

26  and supervisors; and no work involving fast-paced tasks or jobs involving the

27  responsibility for the safety of others.  (See AR 22.)  After taking the testimony of a

28  VE, the ALJ determined that plaintiff could perform other work in the national

                                        3

1  economy, specifically the jobs of hand packager, assembler of plastic hospital
2  products, and mail clerk. (See AR 30.) The ALJ found that the VE's testimony was
3  consistent with information contained in the DOT. (See id.)

4         Plaintiff contends that, with respect to the jobs of hand packager (DOT No.
5  920.587-018) and assembler of plastic hospital products (DOT No. 712.687-010), the
6  VE's testimony deviated from the DOT because these jobs require occasional to
7  frequent exposure to extreme heat or atmospheric conditions, contrary to his
8  limitation to a work environment with clean air and air-conditioning. (See Jt Stip at
9  7-8.) The Commissioner concedes that there was such a deviation in the VE's
10 testimony with respect to both of these jobs and that plaintiff could not perform either
11 of them. (See Jt Stip at 11.) Based on this concession, the Court finds that
12 substantial evidence does not support the ALJ's determination that plaintiff could
13 perform the jobs of hand packager and assembler of plastic hospital products.

14        With respect to the job of mail clerk, plaintiff contends that the VE's testimony
15 contradicted the DOT because this job requires Reasoning Level 3,[4] which plaintiff
16 contends exceeds his limitation to simple, repetitive tasks. (See Jt Stip at 8-9.) The
17 Court notes that there is a split among some Circuit courts over the issue of whether
18 a job requirement of Reasoning Level 3 conflicts with a limitation to simple,
19 repetitive tasks. Compare Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005)
20 (finding apparent conflict between job requiring Reasoning Level 3 and claimant's
21 limitation to simple and routine work tasks); with Terry v. Astrue, 580 F.3d 471, 478
22 (7th Cir. 2009) (finding no conflict between job requiring reasoning level of three and
23 claimant's limitation to simple work), and Renfrow v. Astrue, 496 F.3d 918, 921 (8th
24 Cir. 2007) (finding no apparent conflict between job requiring reasoning level three

25 _____

26        [4]      According to the DOT, Reasoning Level 3 requires the ability to apply
27 commonsense understanding to carry out instructions furnished in written, oral, or
   diagrammatic form and deal with problems involving several concrete variables in or
28 from standardized situations. See, e.g., DOT No. 209.687-026 (mail clerk).

4

1    and claimant's inability to do complex technical work).  Although the Ninth Circuit

2    has not yet addressed the issue, the weight of authority in this Circuit appears to be

3    consistent with Hackett rather than Terry and Renfrow.  See, e.g., Espinoza v. Astrue,

4    2013 WL 327889, at *3 (C.D. Cal. Jan. 29, 2013); Adams v. Astrue, 2011 WL

5    1833015, at *4 and n.4 (N.D. Cal. May 13, 2011) (listing several courts in Ninth

6    Circuit that have held there is an apparent conflict when an ALJ determines that a

7    person limited to simple, repetitive tasks can perform a job with Reasoning Level 3);

8    Grimes v. Astrue, 2011 WL 164537, at *4 (C.D. Cal. Jan. 18, 2011); Torrez v. Astrue,

9    2010 WL 2555847, at *8-*9 (E.D. Cal. June 21, 2010).  Accordingly, the Court

10   concurs with plaintiff that there was an apparent conflict between the VE's testimony

11   that a person with plaintiff's limitations could perform the job of mail clerk and the

12   DOT's requirement of Reasoning Level 3.  Moreover, the record does not contain any

13   evidence, much less persuasive evidence, to support the deviation.  See Johnson, 60

14   F.3d at 1435.[5]

15        The Court therefore finds and concludes that reversal is warranted because

16   substantial evidence does not support the ALJ's step five determination that plaintiff

17   could perform other work in the national economy.  The Court's inability to affirm

18   the ALJ's step five determination renders it unnecessary for the Court to address the

19   second disputed issue raised by plaintiff (i.e., whether the ALJ properly relied on the

20

21        [5]    The Court rejects the Commissioner's contention that the "record as a

22   whole," including evidence of plaintiff's education and work history, supports the

23   ALJ's determination that plaintiff could perform the mail clerk job. (See Jt Stip at 13-
     14.)  To the extent that such evidence may have explained the deviation between the

24   VE's testimony and the DOT, the ALJ could have cited it as support for his step five

25   determination but did not do so.  Instead, the ALJ erroneously found that the VE's

26   testimony did not deviate from the DOT.  See Connett v. Barnhart, 340 F.3d 871, 874

27   (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th
     Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds

28   articulated by the agency.").

1    vocational expert's testimony with respect to the number of jobs for the occupations

2    identified as available to plaintiff).

3

4                              **CONCLUSION AND ORDER**

5         The law is well established that the decision whether to remand for further

6    proceedings or simply to award benefits is within the discretion of the Court.  See,

7    e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at

8    603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted

9    where additional administrative proceedings could remedy defects in the decision.

10   See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at

11   635.  Remand for the payment of benefits is appropriate where no useful purpose

12   would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d

13   525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v.

14   Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily

15   delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

16        The Court has concluded that this is not an instance where no useful purpose

17   would  be  served  by  further  administrative  proceedings;  rather,  additional

18   administrative proceedings still could remedy the defects in the ALJ's decision.

19        Accordingly, IT IS HEREBY ORDERED that, pursuant to sentence four of 42

20   U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of

21   Social Security and remanding this matter for further administrative proceedings.[6]

22

23   DATED: March 12, 2013

24

25                                              _____
26                                              ROBERT N. BLOCK
                                                UNITED STATES MAGISTRATE JUDGE
27   _____

28        [6]      It is not the Court's intent to limit the scope of the remand.

                                         6