O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADALBERTO AGUIRRE AYALA, | ) Case No. EDCV 12-0570 RNB )  |
| Plaintiff, | ) ) MEMORANDUM OPINION DENYING |
| vs. | ) PLAINTIFF'S PETITION FOR EAJA ) FEES; AND ORDER THEREON |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) |

Now pending before the Court and ready for decision is plaintiff's Petition for Attorney Fees and Expenses Under the Equal Access to Justice Act ("EAJA").

In its Opposition ("Opp.") to plaintiff's fee petition, the Government does not contend that the petition was untimely, or challenge plaintiff's status as a prevailing party. Instead, the Government contends that plaintiff's fee petition should be denied in its entirety because the Commissioner's position was substantially justified. (See Opp. at 3-5.) Alternatively, the Government contends, if EAJA fees are to be awarded, (a) the fee award requested by plaintiff should be reduced because the fees sought are unreasonable, and (b) the fees awarded must be paid to plaintiff, not his attorney, under the Supreme Court's decision in Astrue v. Ratliff, - U.S. -, 130 S. Ct. 2521, 2525, 177 L. Ed. 2d 91 (2010). (See Opp. at 5-8.)

1

# DISCUSSION

The EAJA provides in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The term "position of the United States" is not limited to the legal position of the Government during litigation, but rather includes "the action or failure to act by the agency upon which the civil action is based. See 28 U.S.C. § 2412(d)(2)(D); Gutierrez v. Barnhart, 274 F.3d 1255, 1259 (9th Cir. 2001); Andrew v. Bowen, 837 F.2d 875, 878 (9th Cir. 1988). Thus, the burden here is on the Government to establish that it was substantially justified on the whole, considering both the underlying administrative decision of the ALJ and the Commissioner's litigation position in defending the ALJ's decision. See Gutierrez, 274 F.3d at 1259; Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988). However, the Ninth Circuit also has observed that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not." See Flores v. Shalala, 49 F.3d 562, 570 n.11 (9th Cir. 1995).

In Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 181 L. Ed. 2d 490 (1988), the Supreme Court held that the statutory phrase "substantially justified" does not mean "justified to a high degree." Rather, it means "justified in substance or in the main," or in other words "justified to a degree that could satisfy a reasonable

person." The Supreme Court further held that this interpretation of the phrase was equivalent to the formula adopted by the Ninth Circuit Court of Appeals, i.e., "a reasonable basis both in law and fact." There is no presumption that the Government's position was not substantially justified merely because it lost the case. See United States v. Marolf, 277 F.3d 1156, 1162 (9th Cir. 2002); Kali, 854 F.2d at 334. Under the reasonableness standard approved by the Supreme Court in Pierce, the Ninth Circuit has found the Commissioner's position substantially justified even where, for example, an ALJ "badly mischaracterized" evidence and "ignored . . . clear direct evidence" that the claimant's past work required more than her residual functional capacity limitations would allow her to do. See Lewis v. Barnhart, 281 F.3d 1081, 1083-84 (9th Cir. 2002).

Here, in plaintiff's underlying case, the Court was unable to affirm the ALJ's determination at step five of the sequential evaluation process that plaintiff could perform the jobs of hand packager, assembler of plastic hospital products, and mail clerk because there was an unresolved conflict between the testimony of the vocational expert ("VE") and the descriptions of those jobs in the Dictionary of Occupational Titles ("DOT"). Specifically, the Court found that (1) a person with plaintiff's limitations could not perform the jobs of hand packager and assembler of plastic hospital products, based on the Commissioner's concession on the issue; and (2) a person with plaintiff's limitation to simple, repetitive tasks could not perform the job of mail clerk, which required a Reasoning Level of 3 under the DOT. Before making the latter finding, however, the Court noted that there was a split in some Circuit courts over the issue of whether a limitation to simple, repetitive tasks conflicted with a job requirement of Reasoning Level 3. The Court also noted that the Ninth Circuit had not yet addressed the issue, but that the weight of authority in the Ninth Circuit appeared to be consistent with plaintiff's contention that there was such a conflict.

//

1    Plaintiff contends in his EAJA Motion that the Commissioner's position in
2 defending this case was not substantially justified for two reasons: (1) the
3 "overwhelming authority" supported plaintiff's litigation position; and (2) the
4 Commissioner's concession of error with respect to two of the three jobs cited by the
5 VE rendered it unreasonable to continue to defend the ALJ's decision. (See Pet. at
6 6-7.) The Court disagrees with both reasons.
7    "The clarity of the governing law is an important factor to consider in
8 determining whether the government's position was substantially justified." See
9 Mattson v. Bowen, 824 F.2d 655, 657 (8th Cir. 1987) (citation omitted). "For
10 purposes of the EAJA, the more clearly established are the governing norms, and the
11 more clearly they dictate a result in favor of the private litigant, the less 'justified' it
12 is for the government to pursue or persist in litigation. Conversely, if the governing
13 law is unclear or in flux, it is more likely that the government's position will be
14 substantially justified." See Martinez v. Secretary of Health & Human Servs., 815
15 F.2d 1381, 1383 (10th Cir. 1987) (citation omitted); see also Kali, 854 F.2d at 330-31
16 ("If the question of law is unresolved and of unclear resolution, then the
17 government's litigation of the issue is reasonable and substantially justified."); Minor
18 v. United States, 797 F.2d 738, 739 (9th Cir. 1986) (finding substantial justification
19 where "the issues presented by the government were not subject to resolution by
20 clear, controlling precedent").
21    Here, the Court finds that the Commissioner's position was substantially
22 justified because, for multiple reasons, the issue of whether there was a conflict as to
23 the mail clerk job was not subject to resolution by clear, controlling precedent. First,
24 the Ninth Circuit has not yet addressed the issue of whether a person with plaintiff's
25 limitation to simple, repetitive tasks would be precluded from performing jobs
26 requiring Reasoning Level 3, such as mail clerk. Second, the Circuit courts that have
27 addressed this issue have split, with some Circuit courts rendering decisions
28 consistent with the Commissioner's position. See Terry v. Astrue, 580 F.3d 471, 478

(7th Cir. 2009) (finding no conflict between job requiring reasoning level of three and claimant's limitation to simple work); Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007) (finding no apparent conflict between job requiring reasoning level three and claimant's inability to do complex technical work). Third, although the weight of authority in this Circuit appeared to be consistent with plaintiff's position on this issue, there were some decisions by district courts in this Circuit that were consistent with the Commissioner's position. See Dahl v. Astrue, 2011 WL 2837660, at *1 (C.D. Cal. July 18, 2011) ("Simple, repetitive tasks are not necessarily inconsistent with level-three reasoning."); Koontz v. Astrue, 2010 WL 3339388, at *9 (S.D. Cal. July 26, 2010) ("[T]here is no conflict between simple repetitive work and reasoning levels of 2 and 3 that the DOT assigns to the hand packager and linen attendant jobs."). Given the state of the law in this Circuit on this issue, the Commissioner had substantial justification to defend its position. See Martinez, 815 F.2d at 1383 (government's position was substantially justified where the state of the law in the circuit was "less certain" than in other circuits and "subject to varying interpretations by district courts within our circuit").

Moreover, the Court finds that the Commissioner's position was substantially justified despite the Commissioner's concession that the ALJ erred in finding that plaintiff could perform two of the three jobs identified by the VE (i.e., hand packager and assembler of plastic hospital products). The Commissioner would have been substantially justified to take the position that any such error was harmless so long as the ALJ's finding as to the mail clerk job was sufficient to support the determination of non-disability. See Lara v. Astrue, 305 Fed. Appx. 324, 326 (9th Cir. 2008) ("To the extent the VE was overly broad and included jobs that [plaintiff] could both perform and not perform, any error is harmless so long as the jobs that could be done are enough to support the ALJ's decision."). The Commissioner also would have been substantially justified to take the position that the mail clerk job, which numbered 900 jobs in the regional economy and 17,000 in the national

economy (see Administrative Record 30), constituted a significant number of jobs that plaintiff could do. See Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (finding 1,266 regional jobs to constitute a significant number and citing with approval decisions finding several hundred jobs to be significant).

The Court's finding with respect to the substantial justification issue renders it unnecessary for the Court to reach the Government's alternative contentions that the hours plaintiff's counsel claims to have expended are not reasonable and that the fees awarded must be paid to plaintiff rather than to his attorney.

**ORDER**

Plaintiff's Petition for Attorney Fees and Expenses Under the Equal Access to Justice Act therefore is DENIED.

DATED: May 14, 2013

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE